# GIRVIN & FERLAZZO, PC
### ATTORNEYS AT LAW

20 Corporate Woods Blvd.
Albany, New York 12211
tel: 518 462 0300
fax: 518 462 5037
www.girvinlaw.com

*Christopher P. Langlois*
*Partner*

*cpl@girvinlaw.com*

October 31, 2014

**VIA CM/ECF**

Hon. Randolph F. Treece, U.S. Magistrate Judge
USDC - Northern District of New York
James T. Foley – U.S. Courthouse
445 Broadway
Albany, New York 12207

*Re:*   *American Tax Funding, LLC v. City of Schenectady*
       *Docket No.: 12-CV-01594 (MAD/RFT)*

Dear Magistrate Judge Treece:

As requested by the Court (Dkt. No. 61), this Letter Brief is submitted to address issues raised concerning a possible conflict relative to the law firm of Girvin & Ferlazzo, P.C. ("G&F") representing the Defendant City of Schenectady ("City") in the above referenced action. Based on our firm's compliance with the requirements of Rule 1.12(d) of the New York Rules of Professional Conduct (22 NYCRR 1200), it is our position that G&F is not subject to disqualification from representing the City in this case as a result of our firm's current employment of your former law clerk, Daniel S. Rubin, as an associate attorney.

**Facts**

By way of background, the above referenced action was filed on October 24, 2012. The case was assigned to Judge D'Agostino and referred to you as Magistrate Judge.

Mr. Rubin was employed in your Chambers as a law clerk for a two year term beginning in August, 2012 and ending in August, 2014. During his term as law clerk, I understand that Mr. Rubin may have had some involvement in matters pertaining to the subject case. Although I am not aware of the nature or degree of that involvement, I understand – based on what was described to me by you and Mr. Camardo in our telephone conference on October 10, 2014 – that Mr. Rubin was present for and participated in settlement discussions held between the Court and the parties.

In March, 2014, G&F extended – and Mr. Rubin accepted – an offer of employment to join the firm as an associate attorney effective September, 2014 following the completion of his clerkship. Mr. Rubin formally began his employment with the firm on September 8, 2014.

The City was previously represented in this action by its Corporation Counsel, John Polster. Following Mr. Polster's retirement from his position as Corporation Counsel effective August 30, 2014, the City sought outside counsel to appear on its behalf in this case and, following a meeting on September 19, 2014, engaged G&F for that purpose. On September 24, 2014, our firm submitted a Consent Order Granting Substitution of Attorney, which was signed by the Court. (Dkt. Nos. 57 and 58).

On September 30, 2014, I submitted a letter to the Court and opposing counsel providing disclosure of the fact that Mr. Rubin was currently employed as an associate attorney by G&F. (Dkt. No. 60). My letter expressed that Mr. Rubin understood that, in accordance with the requirements of the Code of Conduct for Judicial Employees, he was not permitted to disclose any confidential information he may have received in the course of his official duties as a former law clerk. I further represented that Mr. Rubin had not and would not in any way participate or assist, directly or indirectly, in the representation of the City in this case.

I shared a copy of my September 30, 2014 letter with Mr. Rubin and confirmed his knowledge and acceptance of these restrictions. I have also advised each of the firm's other attorneys and staff members in writing that Mr. Rubin is precluded from participating in, working on, or discussing this case, and that he should not be engaged on the matter by any attorney or staff member.

G&F is a firm of 20 attorneys, including partners, associates, and of counsel attorneys. With the exception of research performed by an associate attorney (not Mr. Rubin) in connection with this letter brief, no G&F attorney other than myself has had any involvement in this matter or the related proceeding currently pending in the New York Supreme Court, Schenectady County. All of the files pertaining to this matter are separately located and maintained in my office, and no other G&F attorney or staff member has reviewed or been given access to those files.

Other than my discussion with Mr. Rubin in connection with my September 30, 2014 letter to the Court and opposing counsel, no G&F attorney or staff member has had any communication whatsoever with Mr. Rubin regarding this matter.

**Analysis**

Rule 1.12 of the New York Rules of Professional Conduct ("RPC")[1] addresses the conflict of interest issues implicated by G&F's employment of Mr. Rubin.

---

[1] Pursuant to Local Rule 83.4(j), the New York Rules of Professional Conduct are the applicable rules enforced by the Court.

2

Rule 1.12(b) provides that "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as", among other things, "a law clerk to a judge or other adjudicative officer…" unless "all parties to the proceeding give informed consent, confirmed in writing…"

Assuming that Mr. Rubin "participated personally and substantially" in the subject case while serving as a law clerk, we agree that Mr. Rubin would be disqualified from being personally involved in the representation of the City in this case – at least in the absence of an informed and written consent by Plaintiff American Tax Funding, LLC. However, Mr. Rubin has not and will not participate or assist, directly or indirectly, in the representation of the City in this case.[2]

Since Mr. Rubin is himself personally disqualified from representing the City in this case, the next question is whether that disqualification extends to G&F as a whole. Rule 1.12(d) addresses that question, and provides that "[w]hen a lawyer is disqualified from representation under this Rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such matter" unless that firm takes the steps listed in Rule 1.12(d)(1) and "there are no other circumstances in the particular representation that create an appearance of impropriety."

The steps listed under Rule 1.12(d)(1) to avoid firm disqualification are as follows:

(i) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

(ii) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and others in the firm;

(iii) ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

(iv) give written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule.

---

[2] This is consistent with the views expressed in Advisory Opinion 109 of the Judicial Conference Committee on Codes of Conduct, which opined that "a former clerk must refrain from working on all cases in which he or she participated during the clerkship, and may be required by the judge, by court rule, or by attorney ethical rules to refrain from work on cases pending before the judge even if the law clerk had no personal involvement in them." Unlike Rule 1.12(b), this blanket rule does not appear to allow for a waiver.

3

G&F has taken each of the steps required in Rule 1.12(d)(1) to avoid being disqualified from representing the City in this matter. All lawyers and nonlawyer personnel within the firm have been notified in writing that Mr. Rubin is prohibited from participating in the representation of the City in this case, and have been directed to not communicate with Mr. Rubin in any way regarding the matter. Mr. Rubin, in turn, has been specifically informed that he may not participate in, work on, or discuss this case with anyone, and has acknowledged and accepted this restriction. These steps – along with the fact that I am the only attorney involved in representing the City and that I maintain all of the files pertaining to the matter in my office – reasonably and effectively protect whatever information Mr. Rubin may have regarding this case from disclosure. G&F provided timely written notice to the Court and opposing counsel of its employment of Mr. Rubin. Finally, as an associate attorney, Mr. Rubin will not be apportioned any part of the fees earned by the firm in its representation of the City in this case.

The only information possessed by Mr. Rubin from his time as a law clerk is that within his own memory, and as such that information is only subject to disclosure to the extent that Mr. Rubin chooses to speak about it. In addition to his obligations under the New York RPC, Mr. Rubin also understands that he is and will remain subject to Canon 3(D) of the Code of Conduct of Judicial Employees, which mandates that "[a] judicial employee should never disclose any confidential information received in the course of official duties..." There is no reason to believe that Mr. Rubin will be unable or unwilling to abide by his ethical obligations.

The steps taken by G&F in accordance with Rule 1.12(d) rebut any presumption of "shared confidences" arising between Mr. Rubin and the rest of the firm regarding this case. *See Brown v. City of Syracuse*, 2013 WL 2445050 (N.D.N.Y., June 4, 2013); *Wrubel v. John Hancock Life Insurance Company*, 2012 WL 225116 (E.D.N.Y., June 15, 2012). At least one Court presented with the issue has held that a law firm's employment of a former law clerk does not require the disqualification of that firm provided that the former law clerk does not participate in the case and appropriate screening measures are in place. *Monument Builders of Pennsylvania, Inc. v. Catholic Cemeteries Ass'n., Inc.*, 190 F.R.D. 164 (E.D. Penn. 1999).

This Court has – understandably – expressed concern over the conflict inherent in an attorney, having potentially gained confidential information regarding one party's settlement strategy, later seeking to represent the opposing party to the lawsuit. *Zalewski v. Shelroc Homes, LLC*, 856 F.Supp.2d 426 (N.D.N.Y. 2012). Unlike *Zalewski*, and regardless of whatever information Mr. Rubin may or may not have gained as your law clerk regarding the settlement positions of American Tax Funding, LLC, and/or your perspectives on the case, Mr. Rubin is not proposing to represent the City, has not and will not participate in the case in any capacity, has not and will not disclose any confidential information, and is subject to screening procedures reasonably calculated to prevent such disclosure.

The circumstances presented do not give rise to a "nonwaivable" or irreconcilable conflict of interest such as that recognized under RPC 1.7(b)(3) (representing one client in a claim against another client) or that recognized by the Second Circuit in its Sixth Amendment

4

jurisprudence. *See United States v. Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)[some conflicts so permeate the defense that a meaningful waiver of the Sixth Amendment right to an unconflicted attorney cannot be obtained]. Indeed, Rule 1.12 specifically provides that any potential conflict associated with a law firm's employment of a former law clerk may be either waived or, alternatively, reconciled by the law firm implementing the measures listed under Rule 1.12(d)(1).[3]

Disqualification is viewed "with disfavor in this circuit," *Bennett Silvershein Assocs. v. Furman*, 776 F.Supp. 800, 802 (S.D.N.Y.1991), because it impinges on a "client's right freely to choose his counsel." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983). Under the facts and circumstances presented, G&F's current employment of your former law clerk should not deny the City its choice of counsel in light of the steps G&F has taken to ensure both that Mr. Rubin will have no involvement in this case and that any information he may possess will not be disclosed. As this Court has recognized, "[e]ven a small law firm can erect appropriate and adequate isolation to protect the sharing of confidential information, as long as the firm exercises special care and vigilance." *S.E.C. v. Ryan*, 747 F.Supp.2d 355, 373 (N.D.N.Y. 2010). G&F has done so, and the Court may be confident that G&F "will continue to honor [its] obligation and avoid any impropriety." *Id.*

Although presented in the context of a Letter Brief, I affirm under penalties of perjury that all of the factual statements contained herein are true to my personal knowledge.

Respectfully Submitted,

GIRVIN & FERLAZZO, P.C.

By: _____

Christopher P. Langlois
Bar Roll No. 500308

cc: Joseph A. Camardo, Jr., Esq. (*via ECF*)
    Justin T. Huffman, Esq. (*via* )

---

[3] By contrast, Rule 1.12(a) does establish a nonwaiveable rule of disqualification applicable to former judges, providing that "[a] lawyer shall not accept private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity."